IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY DEVON THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 107-009 |
| | ) | |
| STEVE ROBERTS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.

The Magistrate Judge recommended that Petitioner's requests for an evidentiary hearing be denied, that Petitioner's "Request for Ruling/Relief" be deemed moot, and that the above-captioned petition be denied. (Doc. no. 23). In this regard, the Magistrate Judge concluded that Grounds One through Eight of the above-captioned petition either lack merit or were waived by Petitioner, and that Grounds Nine and Ten fail to state claims for federal habeas relief.[1] (Id. at 6-21). Although Petitioner has gone to great pains to object to the

---

[1] As it relates to Grounds One through Eight, the Magistrate Judge properly determined that Petitioner failed to contradict, with clear and convincing evidence, the findings of the state habeas court, which are supported by the evidence in the record. (Doc. no. 23, pp. 8-21). Furthermore, the Magistrate Judge correctly concluded that Petitioner failed to demonstrate that the state habeas court unreasonably applied the appropriate legal standards to his claims. (Id.). Addressing Grounds Nine and Ten, the Magistrate Judge

R&R (doc. no. 31), nothing in his objections changes the analysis set forth in the R&R. Simply put, Petitioner's objections are without merit.

Next, the Court turns its attention to Petitioner's "Motion to Award Sanctions [and] Remedies" and "Notification, Correction, [and] Request for Remedy." (Doc. nos. 28 & 29). Petitioner contends that Respondent has violated the Magistrate Judge's Orders concerning Rule 5 of the Rules Governing Section 2254 Cases ("Rule 5") by failing to file appellate briefs and failing to provide him with copies of the documents described in Rule 5. (Doc. no. 28, pp. 1-2; doc. no. 29, p. 1). As such, Petitioner submits that it appears that "[he] did not offer any evidence to support his claim on the state level," that he was unable to reference his appellate brief and amendment, and that he was "unable to reference transcript and record" in these proceedings. (See doc. no. 28, pp. 2; doc. no. 29, p. 2). Petitioner requests, *inter alia*, that the Court conduct an evidentiary hearing, direct Respondent to supplement the record, allow him to file another response to the answer in this case, award him $150.00, and order his release from incarceration. (Doc. no. 28, pp. 2-3; doc. no. 29, pp. 2-3).

As an initial matter, the Court is mindful of the timing of the instant motions. Petitioner previously sought to supplement the record. (Doc. no. 8). Denying that motion, the Magistrate Judge properly explained, "[A]s Respondent has not yet filed any documentation in support of her answer, Petitioner's request . . . is not ripe for review . . . ." (Doc. no. 12, pp. 1-2). After Respondent filed documentation in support of the answer (doc. no. 15), Petitioner again sought an order compelling Respondent to file: "(1) the

---

properly explained that these grounds, which challenge Petitioner's state habeas court proceedings, are not cognizable in a federal habeas proceeding and cannot form the basis for the sought-after federal habeas corpus relief. (Id. at 6-8).

2

motion to supplement the record filed in his state habeas action; (2) the State's 'Discovery of Indictment' . . . and (3) the Index of the Indictments." (Doc. no. 16). Denying that motion, the Magistrate Judge correctly explained, *inter alia*, that Petitioner failed to demonstrate that supplementing the record would assist in the resolution of the above-captioned petition. (Doc. no. 17). Several months after Respondent filed documentation in support of the answer and approximately one month after the R&R was entered in this case, Petitioner then filed the instant, eleventh-hour motions. Although the Court is also mindful of the burden which being incarcerated can place upon a litigant in the prosecution of his case, Petitioner has offered no explanation for his failure to present these motions at an earlier stage of the proceedings. Nevertheless, the Court notes that, in his "Request for a Ruling/Relief," Petitioner submitted, "[W]hile the record is incomplete on one or two issues due to the state habeas court[]. . . , [Petitioner] has provided enough evidence . . . for this Court to grant relief immediately . . . ." (Doc. no. 21, p. 1). Indeed, before the Magistrate Judge entered the R&R, Petitioner believed that the record had been sufficiently developed and that he had sufficiently presented his claims to the Court.

Furthermore, it should be noted that Respondent was not required, pursuant to the Court's previous Orders, to provide Petitioner with the documents described in Rule 5.[2] (Doc. no. 3, pp. 1-2; doc. no. 12, p. 2). Indeed, Rule 5 does not explicitly require service of the documents described in it upon the petitioner in a case commenced pursuant to 28 U.S.C.

---

[2]The Court ordered Respondent to submit: (1) the trial transcript of Petitioner's state court conviction; (2) the transcript of Petitioner's state habeas corpus hearings; (3) the decision of the state habeas courts; and (4) if applicable, the opinion of the appellate court, as well as Petitioner's and Respondent's briefs on appeal. (Doc. no. 3, pp. 1-2). Nothing in the Court's previous Orders directed Respondent to provide Petitioner with any discovery.

3

§ 2254. E.g., Davis v. McDonough, No. 8:04-cv-0989-T-27TGW, 2007 WL 3306772, at *1 (M.D. Fla. Nov. 6, 2007) (citing Thompson v. Greene, 427 F.3d 263 (4th Cir. 2005) and Pindale v. Nunn, 248 F. Supp. 2d 361, 364 (D.N.J. 2003)).[3] In this regard, "[a] habeas petitioner . . . is not entitled to discovery as a matter of ordinary course," and thus, Respondent was not obligated to provide Petitioner with the documents described in Rule 5, unless "'[g]ood cause' is shown where 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"[4] See Reed v. Culliver, 244 Fed. Appx. 304, 306 (11th Cir. 2007) (*per curiam*) (quoting Bracy v. Gramley, 520 U.S. 899 (1997)). Despite Petitioner's previously noted contentions, the Court has no reason to presume that the sought-after documents would demonstrate that he is entitled to federal habeas corpus relief. Simply put, Petitioner has not established "good cause" in support of his eleventh-hour requests.

---

[3] In Davis, the petitioner asserted, *inter alia*, that the respondent was required serve, or the court was obligated to furnish him with, copies of the exhibits filed along with the response to his petition for a writ of habeas corpus. Davis, 2007 WL3306772, at *1. Addressing this argument, the district court noted, "Petitioner never asserted that he did not possess or was unable to obtain from his counsel copies of any or all the documents." Id. at *2 n. 4. Ultimately, the district court concluded, "Petitioner has not shown that reasonable jurists would find the [c]ourt's ruling on this issue debatable or wrong." Id. at *2. Here, Petitioner has not asserted that he did not possess or was unable to obtain the sought-after documents. Indeed, if Petitioner desired to obtain a copy of the exhibits filed along with Respondent's answer, he should have directed his request to the Clerk of the Court and included the required payment of $0.50 per requested page. See Wanninger v. Davenport, 697 F. 2d. 992, 994 (11th Cir. 1983) (*per curiam*) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine." (citation omitted)).

[4] Under Rule 6 of the Rules Governing Section 2254 Cases, a party requesting discovery must "provide reasons for the request" and demonstrate "good cause" for the discovery. Rule 6(a) & (b) of the Rules Governing § 2254 Cases.

Moreover, although "*transcripts* are crucial because without them, a petitioner would find it difficult if not impossible to satisfy the steep burden of being entitled to habeas relief," Petitioner has failed to explain how granting his belated requests would "afford him an opportunity to meet his burden with regards to overcoming the presumption of correctness of the state court's factual findings." Cf. Fillmore v. Perry, 163 Fed. Appx. 819, 820 (11th Cir. 2006) (*per curiam*) (emphasis added) (remanding case to the district court and instructing the court to require the state to comply with Rule 5 and to determine whether a transcript or recording of a plea hearing was available). Assuming, *arguendo*, that Petitioner did not possess the exhibits filed along with Respondent's answer, the Court had the benefit of said exhibits when addressing the merits of the above-captioned petition. Despite Petitioner's contention concerning the appearance of evidence presented to the state courts, the Magistrate Judge concluded, *inter alia*, that Petitioner failed to contradict, with clear and convincing evidence in these proceedings, the findings of the state habeas court, which are supported by the evidence in the record. Indeed, Petitioner has not asserted, and the Court has no reason to presume, that the sought-after documents contain any evidence demonstrating that he is entitled to federal habeas relief. Simply put, nothing suggests that Respondent's failure to file certain documents affected the resolution of the above-captioned case. Therefore, Petitioner's eleventh-hour motions are **DENIED**. (Doc. nos. 28 & 29).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's requests for an evidentiary hearing are **DENIED**, Petitioner's "Request for Ruling/Relief" (doc. no. 21) is deemed **MOOT**, the

above-captioned petition is **DENIED**, this civil action is **CLOSED**, and a final judgment is **ENTERED** in favor of Respondent.[5]

SO ORDERED this 2nd day of September, 2008, at Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[5]The Court notes that Petitioner filed a motion to stay the proceedings pending a ruling on the motions addressed in this Order and for an additional extension of time to object to the R&R. (Doc. no. 30, p. 1). As Petitioner has filed his objections to the R&R and the Court has ruled on all pending motions in this case, Petitioner's "Motion to Stay Proceedings and for Extension of Time Emergency Application to Judge" is **MOOT**.

6